ItMcKAY, J.,
dissents with reasons.
I respectfully dissent from the majority opinion which affirms the trial court’s finding that Igor Novosyolova was solely at fault for the accident and would apportion fault between Mr. Novosyolova and the defendants.
On the night of the accident, Mr. Novo-syolova and two companions were walking with the flow of traffic on eastbound St. Bernard Highway. Whether Mr. Novo-syolova was walking along the shoulder or in the travel lane is a matter of controversy. According to his companions, all three were walking on the shoulder. According to Deputy Masson, Mr. Novosyolova was in the travel lane. Every article of Mr. Novosyolova’s clothing was found to the right of the eastbound fog line.
At the time of the accident, Deputy Mas-son was proceeding eastbound on St. Bernard Highway in response to a call about a vehicle fire. Deputy Masson said that he saw three pedestrians only seconds before the impact. Deputy Masson later said that he did not see Mr. Novosyolova prior to impact, and swerved his car at that time and applied his brakes. Deputy Masson also said that in this particular area of St. Bernard Highway, he would occasionally see seaman walking down the Inside of the highway. The record indicates that Deputy Masson had his low beam headlights rather than his high beam headlights on at the time of the accident.
These facts indicate to me that Deputy Masson bears some degree of fault in this accident. As a motorist, he had a duty to keep a proper lookout and this duty was heightened given that he was a law enforcement officer. It appears to me that Deputy Masson breached this duty when he did not see Mr. Novosyolova until he hit him or saw him and did not take steps to avoid or minimize the impact. This action or inaction was a cause of Mr. Novosyolo-va’s death and was negligent.
In assessing the negligent conduct of the parties, various factors may influence the degree of fault assigned to each: [1] whether the conduct resulted from inadvertence or involved an awareness of the danger, [2] how great a risk was created by the conduct, [3] the significance of what was sought by the conduct, [4] the capacities of the actor, whether superior or inferior, and [5] any extenuating circumstances which might require the actor to proceed in haste without proper thought. Watson v. State Farm Fire and Cas. Ins. Co., 469 So.2d 967, 974 (La.1985). When these factors are applied to the instant case, it appears that the accident occurred because of inadvertence on the part of Deputy Masson; the risk was created by Mr. Novosyolova; and Deputy Masson was aware that from time to time that seamen walked along this stretch of St. Bernard Highway. The application of these factors leads me to believe that Deputy Masson was at least partially responsible for this accident. Accordingly, I would assess the defendants with twenty-five percent (25%) of the fault in causing this accident in accordance with the principles set out in Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976) and Clement v. Frey, 95-1119 (La. 1/16/96), 666 So.2d 607.